**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00282-GPG

THOMAS DEAN TILLERY,

    Plaintiff,

v.

RICK RAEMISCH, in His Official Capacity as Executive Director of the Colorado
    Department of Corrections and in His Individual Capacity,
JOHN CHAPDELAINE, in His Official Capacity as Warden of the Sterling Correctional
    Facility and in His Individual Capacity,
JAMES FALK, in His Official Capacity as Warden of the Limon Correctional Facility and
    in His Individual Capacity,
ROBERT DICK, in His Official Capacity as Case Manager II of the Sterling Correctional
    Facility and in His Individual Capacity,
JAMIE SOUCIE, in Her Official Capacity as Health Services Administrator and former
    SOTMP Administrator of the Sterling Correctional Facility and in Her Individual
    Capacity,
LEONARD WOODSON III, in His Official Capacity as Director of SOTMP and in His
    Individual Capacity,
BARRY JOHSNON, in His Official Capacity as Director of Mental Health/SOTMP at the
    Sterling Correctional Facility and in His Individual Capacity,

    Defendants.

## ORDER TO AMEND

Plaintiff, Thomas Dean Tillery, is a prisoner currently incarcerated at the Sterling Correctional Facility in Sterling, Colorado. On February 5, 2016, he filed *pro se* a Prisoner Complaint (ECF No. 1). He has been granted leave to proceed *in forma pauperis*. (ECF No. 4).

The court must construe the Complaint liberally because Mr. Tillery is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Mr. Tillery will be directed to file an Amended Complaint if he wishes to pursue his claims in this action.

In the Prisoner Complaint, Mr. Tillery alleges due process violations because he is suffering conditions of confinement which impose an "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life." Specifically, Mr. Tillery alleges that as a sex offender he must progress in a treatment program before he will be released on parole, but that the Colorado Department of Corrections (CDOC) has him incarcerated in a facility that does not offer the treatment program, known as SOTMP. He alleges that CDOC will not transfer prisoners to other facilities for the purpose of treatment. Therefore, he and other prisoners who are in need of SOTMP but are housed in SCF will never be eligible for parole.

Mr. Tillery asserts that Defendant Raemisch has violated his due process rights because he is responsible for the promulgation and approval of CDOC Administrative Regulations. Those Administrative Regulations arbitrarily impose significant and atypical hardship on him by denying him parole eligibility.

As to Defendant Warden John Chapdelaine, who is currently responsible for the custody and control of the prisoners in SCF, and Defendant Warden James Falk, who was responsible for the custody and control of the prisoners in SCF from 2012 until 2015, Plaintiff alleges they violated his due process rights by not transferring him to a facility that offers SOTMP, as well as not implementing SOTMP in his facility.

Additionally, Plaintiff alleges that the following people violated his due process rights by not transferring him to a facility that offers SOTMP.

- Case Manager Robert Dick, who is responsible for managing the program needs of prisoners in SCF.

- Jamie Soucie, who is the Health Services Administrator for SCF, and the former SOTMP Administrator of SCF.  She was responsible for the administrator of SOTMP until mid-2015 and was responsible for admitting prisoners to SOTMP.

- Leonard Woodson III, who is the Director of SOTMP for CDOC.  He is responsible for the administration of SOTMP in the CDOC, including admitting prisoners to SOTMP.

- Barry Johnson, who is the Director of Mental Health at Sterling Correctional Facility.  He is responsible for managing the mental health needs of prisoners in SCF.

Plaintiff requests transfer to a facility that offers SOTMP, as well as additional declaratory and monetary relief.

**A. Eleventh Amendment**

Mr. Tillery does not indicate whether he is suing the Defendants in their official capacities, their individual capacities, or both.  (ECF No. 1 at 19).  The Court construes the complaint as filed against the Defendants in both their official and their individual capacities.  Claims against state officials in their official capacities for monetary damages are construed as claims asserted against the State of Colorado, s*ee Hafer v. Melo*, 502 U.S. 21, 25 (1991), and are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985).  However, to the extent the Complaint asserts a cognizable claim for relief under § 1983, Plaintiff is not precluded from seeking prospective injunctive relief against the individual Defendants in their official capacities.  *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Branson Sch. Dist. RE–82 v. Romer*, 161 F.3d 619, 631 (10th Cir.1998) ("[A] suit against a state

3

official in his or her official capacity seeking prospective injunctive relief is not . . . against the state for Eleventh Amendment purposes.").

### B. Personal Participation

Plaintiff must submit an amended complaint that asserts personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

For Defendants Dick, Soucie, Woodson, and Johnson, Plaintiff alleges that they violated his due process rights by not transferring him to a facility that offers SOTMP. However, he has not alleged that those individuals had the ability, in their positions at the CDOC, to transfer him to another facility. If they were without authority to transfer him to another facility, they did not personally participate in any constitutional violation that was caused by him not being transferred.

Further, supervisors can only be held liable for their own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing. *Id.*; *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) *(*"[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant 's role must be more than one of

abstract authority over individuals who actually committed a constitutional violation."). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

For Defendants Raemisch, Chapdelaine, and Falk, Plaintiff must demonstrate that they violated his constitutional rights through their own conduct and state of mind.

In conclusion, Plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal

assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order within the time allowed, the Court will proceed to review the merits of the original Complaint and some of the claims and defendants may be dismissed without further notice.

DATED March 1, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge